**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DENNIS NEAL McANINCH,

        Plaintiff,

vs.                                Case No. 3:12-cv-899-J-32TEM

SECRETARY, DEPARTMENT OF
CORRECTIONS,
et al.,

        Defendants.

## ORDER

This case is before the Court on defendants' Motion to Dismiss (Doc. 11), to which plaintiff has filed a response in opposition (Doc. 18). Although plaintiff maintains the position that the current complaint meets the pleading standards, plaintiff seeks leave to file an amended complaint to cure what plaintiff deems to be rather technical defects. Upon review of plaintiff's complaint and proposed amended complaint, and especially in light of the attached grievances which give defendants additional information, the Court agrees that defendants are placed on adequate notice of the causes of action plaintiff brings and their factual underpinnings. See F.R.C.P. Rule 8; Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Defendants' motion to dismiss (Doc. 11) is therefore **denied**.

The Court will grant plaintiff leave to file an amended complaint, but before simply filing the proposed amended complaint attached to the response to the motion to dismiss, plaintiff is directed to more carefully edit it so that we are not wasting time with later corrections by interlineation.[1]  Plaintiff is directed to file an amended complaint no later than **March 1, 2013**.  Defendants shall respond to that filing no later than **March 29, 2013**.[2]

A Case Management and Scheduling Order is issuing shortly as well, and plaintiff's motion for status (Doc. 19) is therefore **denied** with the Court's apologies for not being able to attend to this case any earlier.[3]  Plaintiff's motion to compel responses to discovery (Doc. 21) is **denied without prejudice**.  Plaintiff's description of the discovery sought is too vague for the Court to order compliance.  In addition, the Court hopes that the entry of the Case Management and Scheduling Order will give the parties' guidance in meeting their discovery obligations without a Court Order.

---

[1]For example, paragraphs 73 and 74 in the proposed amended complaint seem entirely misplaced.  Additionally, plaintiff's last two filings make reference to recent incidents that plaintiff may be intending to include in the amended complaint.  Moreover, there is a new Secretary of the Department of Corrections.

[2]The Court anticipates defendants will answer the amended complaint but will not preclude them from seeking dismissal as to any new material plaintiff adds.

[3]The Jacksonville Division has a long-standing judicial vacancy that has caused a backlog on the existing dockets of the active district judges.

2

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of February, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record